COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-099-CV
 
  
VALENCIA 
W. DIMOCK                                                          APPELLANT
 
  
V.
  
JOE 
W. DIMOCK                                                                      APPELLEE
  
------------
 
FROM 
COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pursuant 
to Civil Practice & Remedies Code section 51.014(d), Appellant Valencia W. 
Dimock timely perfected this interlocutory appeal from the trial court’s March 
30, 2004 “Order Regarding Validity of the Postnuptial Agreements.”  Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) 
(Vernon Supp. 2004).  The trial court signed an order authorizing this 
appeal, and both parties agreed to the order.  All statutory requisites 
have been met in this permissive interlocutory appeal, and this court “may 
permit an appeal to be taken” from the trial court’s order. Id. § 
51.014(f).
        We 
have closely reviewed the issue presented: Whether the parties’ post-nuptial 
partition agreement is enforceable. Resolution of this issue pivots on fact 
issues that must be resolved in the trial court. See Tex. Fam. Code Ann. §§ 
4.001-.206 (Vernon 1989). The case-by-case resolution of the enforceability of a 
particular postnuptial partition agreement does not involve a “controlling 
question of law as to which there is a substantial ground for difference of 
opinion.” Tex. Civ. Prac. & Rem. Code Ann. § 
51.014(d)(1). Accordingly, we deny the application for interlocutory appeal. See 
id. § 5114(d). We also deny as moot Appellant’s “Motion to Extend Time 
to Request Clerk’s Record and Court Reporter’s Record.”
  
  
                                                                  SUE 
WALKER
                                                                  JUSTICE
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DELIVERED: 
May 6, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.